13275

TAUB *ET AL.* v. COKER *ET AL.*
COKER *ET AL.* v. BANK OF DARLINGTON, INC., *ET AL.*

(161 S. E., 117)

*Messrs. Samuel Want* and *Melvin Hyman,* for appellants,

*Messrs. Dargan & Paulling,* for respondent,

November 12, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Max Taub procured from Judge E. C. Dennis a rule requiring the respondents, as receivers of the Bank of Darlington, Inc., to show cause why they should not offset a deposit of $56.59, which Max Taub, Inc., had in the Bank of Darlington when it closed its doors, against a note which Max Taub, individually, owed the bank.

This Court is satisfied with the disposition of the case made by the order of Judge Dennis, which order will be reported.

### ORDER OF JUDGE DENNIS

"Max Taub and Henrietta Taub, husband and wife, have filed a petition in this cause for an order requiring the Receivers of the Bank of Darlington, Incorporated, to set off a deposit of Max Taub, Inc., a corporation, against an indebtedness to the said bank on a note signed by the said Max Taub and secured by the pledge of two (2) diamond rings owned by the petitioner, Henrietta Taub. It is alleged in their petition that the said note was given in renewal of a previous note signed 'Max Taub, Inc., by Max Taub, President,' and that it was intended by the said Max Taub to execute the note with which we are here concerned in the same manner. It is also alleged that Max Taub is insolvent and that he owns all the capital stock of Max Taub, Inc., which was organized and was and is used merely as a trade convenience by him."

"Answering the said petition and a rule issued thereon by me on February 7th, 1931, the said Receivers admitted the insolvency of Max Taub and his indebtedness to the bank on his said note and the pledge of his wife's rings as security therefor and that Max Taub, Inc., had on deposit in said

bank, when it closed Fifty-six and 59/100 Dollars ($56.59); alleged that they had not sufficient information to form a belief as to the value of the said diamond rings, the purposes for which the said corporation was organized or as to the ownership of its capital stock and deny the remaining allegations of the said petition."

"The petitioners offer no evidence tending to prove that the note that was renewed by the note here in question was signed by the corporation or that it was the intention of Max Taub to execute the present note in the name of the corporation. On the contrary, it appears by undisputed evidence that there were several successive notes given by Max Taub to The Bank of Darlington, Incorporated, all of which were signed by him in his own name and not in the name of the corporation and that each successive note was a renewal of a previous note."

"It is contended by petitioner's attorneys that because Max Taub owns all the capital stock of Max Taub, Inc., the Court should disregard the corporate entity and treat the corporation and its sole stockholder as one and should hold that the ownership of the deposit in question by Max Taub, Inc., is to all intents and purposes the ownership thereof by Max Taub in his own right and that the bank had so regarded and treated the account. This contention is not supported by the evidence and cannot be sustained as a matter of law."

"The amount here involved is small, but the principle with which we are concerned is important, regardless of the amount at stake. It is obvious that if the insolvent owner of all the stock of a corporation is permitted to set off his debt to an insolvent bank against a deposit of the corporation its creditors would be in constant jeopardy and might be thereby defrauded."

"The petitioners have neither alleged nor proved facts that would justify the Court in disregarding the separate existence, rights and obligations of the corporation and in treating the corporation and the petitioner, Max Taub, as identical,

and I am, therefore, of the opinion that the petitioners are not entitled to the relief prayed for."

"For the reasons hereinabove stated, it is ordered that the said petition be, and hereby is, dismissed."

Appellant's counsel seek to have the Court construe Rule 29 in connection with the question of costs on the appeal. The issue is not made in the case, and counsel for respondents have not been heard on it. The Court deems it best that the matter come up in regular order.

The order appealed from is affirmed.

The appeal is dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.